## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-cm-80412-01-DDC |
| DELBERT L. CHATMON (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Delbert Chatmon has moved to terminate his 10-year term of supervised release (TSR) earlier than its end date in October 2030.  Doc. 3.  The United States Probation Office does not oppose the motion.  But the United States announces that it would oppose termination before the defendant has served two years of supervision—20% of his TSR—without incident.  Doc. 5 at 4–5.

While this motion presents a relatively close call, the court, on balance, agrees with the government's position.  Since Mr. Chatmon now has served 20% of his TSR without violation, this Order grants the motion and terminates Mr. Chatmon's TSR.  The court explains why, below.

## Analysis

The governing statute is 18 U.S.C. § 3583(e)(1).  It sets a baseline, requiring that the offender complete at least one year of supervision.  *Id.*  But the statute also directs the court to conduct a more fulsome evaluation beyond that one-year minimum.  To grant the motion, the court must satisfy itself that early termination is warranted "by the conduct of the defendant" and would serve "the interest of justice[.]"  *Id.*  This same statute also directs the court to evaluate the

request by considering most of the sentencing factors in § 3553.  *Id.* (cross-referencing factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

Here, to some extent, the nature and circumstances of defendant's conviction disfavor early termination.  He participated in a conspiracy that trafficked significant quantities of cocaine between Kansas City and Mt. Vernon, Illinois.  He prepared that cocaine for sale as crack cocaine—more than 1.5 kilograms of crack.  He possessed a dangerous weapon during this offense and used a person under age 18 to commit the offense.  And then, once arrested, he obstructed justice by threatening a witness.  But this conduct occurred some 23 years ago, when defendant was about 25.

But other factors plainly favor terminating the TSR.  As the government acknowledges, defendant has demonstrated significant rehabiliatory progress.  He avoided discipline during his last few years in custody.  Doc. 5 at 4.  He secured employment within a week or so following his release, holding that same job for about 18 months.  *Id.*  He has complied with his TSR's conditions throughout it.  *Id.*  Defendant's more recent history and characteristics indicate that he has changed.  They also reduce the need to protect the public from defendant and the need to continue providing him with correctional care.

After fully considering the applicable factors, the court concludes that early termination "is warranted by the conduct of the defendant . . . and the interest of justice[.]"  § 3583(e)(1).  So, the court grants Mr. Chatmon's motion.

**THEREFORE, THE COURT GRANTS DEFENDANT'S MOTION TO TERMINATE DEFENDANT'S TERM OF SUPERVISED RELEASE (DOC. 3) AND ORDERS** Mr. Chatmon's term of supervised release terminated early, effective with entry of

this Order.  This termination shall not displace or otherwise affect any undischarged component of his sentence, if any.

**IT IS SO ORDERED.**

**Dated this 19th day of October, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**